**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA ZANE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2523** |
| **ST. TAMMANY PARISH CORRECTIONAL FACILITY, ET AL.** | **SECTION: "H"(5)** |

## REPORT AND RECOMMENDATION

Several months ago, *pro se* Plaintiff, Joshua Zane Jones, signed and submitted a civil rights complaint to the Court pursuant to 42 U.S.C. § 1983.[1]    The complaint failed to specify a claim for relief, much less provide any factual grounds in support, and requested unspecified injunctive relief.    Jones' complaint was noted to be deficient in several respects, including the failure to pay the filing fee or to file a motion for leave to proceed *in forma pauperis*.

The Clerk promptly issued a "Notice of Deficient Filing" to Jones at the prison facility at which he was incarcerated when he submitted his complaint.[2]    However, the envelope containing that notice was subsequently returned to the Court as undeliverable because Jones was no longer incarcerated at the St. Tammany Parish Jail.[3]    A subsequent order issued by the undersigned to Jones at an alternate address provided in his complaint was also returned as undeliverable.[4]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its

---

[1] Rec. doc. 1.

[2] Rec. doc. 2.

[3] Rec. doc. 3.

[4] Rec. doc. 1, p. 2 and rec. docs. 4, 5.

discretion dismiss any action based on the failure of the plaintiff to prosecute or to comply with any order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

Jones has not provided the Court with an updated, current mailing address since the Notice of Deficient Filing was returned. All litigants are obligated to keep the Court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1.[5] The complaint form signed by Jones and used to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 5). "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 Fed. Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246 (2008).

---

[5] Local Rule 11 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."

Jones has one last opportunity to show cause why his complaint should not be dismissed by filing a timely written objection to the findings expressed in this Report and Recommendation.    The objection should also include a short explanation for the failure to comply with the Court's order to correct the deficiencies.    The objection, which should be made in writing and contain the caption of the lawsuit, must be filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130.

Plaintiff is advised that his failure to file written objections to the Magistrate Judge's Report and Recommendation will result in the dismissal of his lawsuit.    A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. §636(b)(1)).[6]

Accordingly, for the reasons expressed, it is **RECOMMENDED** that Joshua Zane Jones' complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this 21st day of _____December_____, 2020.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**